BELLSOUTH TELECOMMUNICATIONS, INC.    CIVIL ACTION NO. 05-1884

versus    JUDGE HICKS

PHONE-LINK TELECOMMUNICATIONS,    MAGISTRATE JUDGE HORNSBY
INC., ET AL.

## REPORT AND RECOMMENDATION

Bellsouth Telecommunications, Inc. ("Bellsouth") filed this civil action against Phone-Link Communications, Inc. ("Phone-Link") and four individuals whom Bellsouth alleged are "directors, officers and/or shareholders of Phone-Link." Bellsouth alleges that Phone-Link, which was in the business of providing pre-paid local telephone service to customers in eight states within Bellsouth's territory, owes Bellsouth approximately $750,000 in outstanding invoices for telecommunications services and the like. The complaint also asserts three counts against the individual defendants based on allegations that the four Phone-Link officials directed the company to make distributions to the individuals, which caused or increased Phone-Link's insolvency.

Phone-Link filed an answer that included a Fourteenth Defense that "Phone-link denies that venue is proper in this court" (Doc. 12, page 3), but Phone-Link did not challenge the ability of a Louisiana court to exercise personal jurisdiction over it. Phone-Link has not filed a motion raising the venue issue, but the individual defendants have filed a Motion to Dismiss (Doc. 13) that asserts a lack of personal jurisdiction and improper venue. The

motion originally also urged a "forum non conviens" defense, but that defense has been abandoned.

Briefing of the motion was delayed for several weeks so that Bellsouth could depose the individual defendants about their contacts, if any, with Louisiana. Bellsouth then filed its memorandum in opposition (Doc. 30) and conceded that the discovery it had conducted "revealed insufficient contacts between the Individual Defendants and Louisiana to support this Court's exercise of personal jurisdiction over them individually."

Bellsouth asks that the court, rather than dismiss the claims against the individual defendants, transfer the entire civil action to the Western District of Kentucky (Louisville) pursuant to 28 U.S.C. § 1406.[1] That statute provides that when a case is filed in a district of improper venue, the district court "shall dismiss, or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A transfer is appropriate even if the court finds that it lacks personal jurisdiction over a defendant. Bentz v. Recile, 778 F.2d 1026 (5th Cir. 1985). Once a district court finds that it lacks personal

---

[1] Bellsouth, despite its request for transfer, maintains that this is a proper venue for the claims against Phone-Link because a substantial part of the events or omissions giving rise to the claims against Phone-Link occurred in this district. See 28 U.S.C. § 1391(a)(2). But Bellsouth admits that its discovery has revealed no substantial events or omissions that occurred in this district with respect to Bellsouth's claims against individual defendants that make this court a proper venue for those claims. Doc. 30, page 8, n. 30. A plaintiff must show that venue is appropriate as to each claim and as to each defendant. McCaskey v. Continental Airlines, Inc., 133 F.Supp.2d 514, 523 (S.D. Tex. 2001). Dismissal of the individual defendants will cure the venue issue with respect to them, but Bellsouth still faces Phone-Link's defense that venue is not proper on the claims against Phone-Link.

jurisdiction, it possesses "broad discretion" in deciding whether to dismiss or transfer. Caldwell v. Palmetto State Savings Bank, 811 F.2d 916, 919 (5th Cir. 1987).

The court ordinarily favors transfer when that procedure will cure venue or personal jurisdiction issues because transfer is ordinarily more efficient and timely than dismissing the action and requiring the plaintiff to file it anew in a different district. In this case, however, there are substantial questions as to whether the proposed transferee court would have personal jurisdiction over all of the individual defendants. Defendants Mike Hansen and Santiago Santa Cruz currently reside in Kentucky in or near the Louisville area, so personal jurisdiction over them in the proposed transferee court is likely to exist. The other individual defendants, Stanley Siwek and Dennis Landgraf, live in Florida, and they contest the authority of the Kentucky court to exercise jurisdiction over them in connection with Bellsouth's claims. Bellsouth argues that it has demonstrated that the Kentucky court could exercise jurisdiction over Siwek and Landgraf based on their contacts with that state. A review of the deposition testimony submitted by Bellsouth shows room for argument on that issue.

Defendant Mike Hansen testified that he, like the other three individual defendants, was a shareholder and director of Phone-Link. Hansen was also the president of Phone-Link. The four men were also shareholders in and affiliated with a company called General Finance, Inc. Hansen testified that General Finance made some loans to Phone-Link and that

Phone-Link repaid the loans. Hansen did not remember the amount of the loans, and he offered little additional information about them. Doc. 30, Exhibit 2.

Santiago Santa Cruz testified that Mr. Hansen handled the day-to-day affairs of Phone-Link and General Finance. He testified that when General Finance was started, he loaned the company some money, and he was aware that General Finance had loaned money to Phone-Link. He had no idea of the amount of the loans to Phone-Link but thought "it was not a lot of money." He said General Finance eventually repaid him part of what he had loaned the company, which exceeded $100,000, but some money was not repaid. He said the other individual defendants had made similar loans and also had been partially repaid. Doc. 30, Exhibit 3.

Dennis Landgraf testified that he is disabled with advanced arthritis and has lived in Florida for the past five years. Before that, he lived in several places throughout the country, including Kentucky, during a career in hotel management. The extent of his relationship with Kentucky was not explored in the portions of the depositions submitted to the court. Mr. Landgraf said that he was not sure if he was familiar with any loans from General Finance to Phone-Link, but he said he had no reason to believe that Mr. Hansen's testimony was incorrect. He could not recall whether he was aware of the loans or whether the General Finance board of directors had any meetings about the loans. He also could not recall whether he personally made any loans to Phone-Link. He did remember personally attending board meetings for General Finance that were held in Louisville, but counsel did not make

further inquiry into the number or substance of the meetings. The lack of questioning about Kentucky contacts is not surprising, given that the depositions were focused on any contacts with Louisiana. Doc. 30, Exhibits 5 and 6.

Stanley Siwek, a Florida resident, testified that he was a director of Phone-Link and that the board had meetings in Louisville that he sometimes attended in person. He also admitted attending board meetings for General Finance that were held in Louisville. There was no further inquiry or discussion about the frequency, number or substance of such meetings. Mr. Siwek said he did not remember making any loans to Phone-Link and was not familiar with the loan from General Finance to Phone-Link. He could not recall whether he had borrowed money from Phone-Link. Doc. 30, Exhibits 4 & 7.

Bellsouth has shown that Mr. Siwek and Mr. Landgraf are shareholders and directors in Phone-Link, which is alleged to be a Kentucky corporation with its principal place of business in Louisville, Kentucky. It is also suggested in the briefs that General Finance is a Kentucky corporation. The two men have been shown to have had some additional financial relationship with one or both companies, although the details are quite uncertain at this time. Bellsouth has also shown that the two men traveled to Louisville on an unspecified number of occasions for board meetings on unspecified business. These facts, especially if developed in more detail, might permit a Kentucky court to exercise personal jurisdiction over the two Florida residents in connection with Bellsouth's claims. But the current record does not establish with reasonable certainty that the exercise of personal jurisdiction would

be allowed, and Bellsouth has not cited any authority in which a court has exercised personal jurisdiction when there were contacts of a similar nature and kind.

This court should be assured that the transferee court is one of proper venue and that may exercise personal jurisdiction over the defendants before it transfers the case to that forum and burdens that court with the case. There are substantial questions about the jurisdiction and venue issues, so the better exercise of this court's broad discretion is to dismiss without prejudice all claims against the individual defendants. Bellsouth may then elect to file sit against all four of them in Kentucky and test the personal jurisdiction before that forum after concentrating on the Kentucky contacts (which were not the focus of the limited discovery in this case) and briefing the issue in light of applicable Sixth Circuit precedents that would govern the contest. Bellsouth might also elect to pursue the individual defendants in another forum or even different forums. Meanwhile, Bellsouth may continue to pursue in this court its open account claim against Phone-Link, which is legally and factually distinct from the revocatory actions against the individual defendants, or Bellsouth may elect to dismiss this case without prejudice and join its claim against Phone-Link in any new suit it files against the individual defendants.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 13)** be **granted** by **dismissing without prejudice** for lack of personal jurisdiction all claims against defendants Stanley Siwek, Dennis Landgraf, Santiago Santa Cruz, and Mike Hansen.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, the 1st day of September, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE